Chief Judge Fuld.
The defendant pleaded guilty to the crime of attempted manslaughter in the second degree in satisfaction of an indictment charging him with second degree murder. Prior to the imposition of sentence, he applied to the court for permission to withdraw his plea on the ground that he had not committed the crime and was innocent. In point of fact, he claimed that he had been arrested in Coney Island within a half hour of the time that the crime was allegedly perpetrated in Manhattan, rendering it well-nigh impossible for him to have been at the scene. The court, properly concluding that the defendant was entitled to a hearing on his application (see, e.g., People v. Nixon, 21 N Y 2d 338, 355), requested the defendant’s assigned attorney to investigate the merits of his asserted alibi and report her findings. It is the defendant’s contention that by virtue of this involvement of his lawyer he was denied the effective and affirmative representation of counsel and became entitled, at that juncture, to the appointment of new counsel.
Our decisions in People v. Boyd (22 N Y 2d 707) and People v. Rozzell (20 N Y 2d 712) point the conclusion here. When the trial judge asked the defendant’s lawyer to check on the facts bearing on the alibi, the defendant was “ deprived of the effective assist *282 anee of counsel ” at a “ critical stage of the proceeding ” (People v. Rozsell, 20 N Y 2d, at p. 713). The defendant’s attorney was being asked, in effect, to abandon her role of active advocate for the defendant and to become, in a sense, an investigator for the court. From that point on, the accused could no longer communicate with his lawyer in the absolute and unimpaired confidence essential to the relationship of attorney and client. Indeed, even if such relationship had already been terminated formally, the court should not have assigned her to tasks which might in any way prejudice the interests of her former client or in which she might have to draw, in the slightest degree, on information received in confidence. To the defendant for whom he speaks, a lawyer’s commitment must be wholehearted, complete and free of ambiguity. As it was, it became, to cull again from our Rozsell opinion (p. 713), “ difficult, if not impossible, for counsel effectively to represent ” the defendant. It necessarily follows that it was then incumbent upon the court to assign another attorney in her stead.
The suggestion contained in the concurring opinion (p. 283) that the defendant would not be prejudiced if, after checking the facts and finding the defense “ not sustainable,” counsel stood “mute,” is most unrealistic. Silence under such circumstances would convey counsel’s opinion, just as loudly as words, that the basis for her client’s application (to withdraw his plea) lacked merit.
The judgment should be reversed and a new hearing ordered on the question whether defendant’s motion to withdraw his plea should have been granted.