■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN BARABBAS HOWARD, Appellant. [854 NYS2d 776]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered January 3, 2006, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court did not err in denying that branch of the defendant's omnibus motion which was to suppress identification testimony. At the *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]), the investigating detective described the manner in which the photographic array identification procedure was conducted. The evidence adduced at the *Wade* hearing established that the various persons depicted in the computer-generated photo array were sufficiently similar in appearance to the defendant that the pretrial identification procedure was not unduly suggestive (*see People v Ragunauth,* 24 AD3d 472 [2005]; *People v Malphurs,* 111 AD2d 266, 267-268 [1985]).

Furthermore, the defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review because he failed to move for a trial order of dismissal (*see* CPL 290.10, 470.05 [2]; *People v Dowling,* 28 AD3d 788 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of robbery in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant contends that the sentence imposed was excessive. However, since the defendant received the minimum sentence permitted by law, this Court has no authority to reduce it as a matter of discretion in the interest of justice (*see* CPL 470.20 [6]; *People v Wilson,* 28 AD3d 796, 797 [2006]; *People v Muller,* 294 AD2d 602 [2002]; *People v Marrero,* 278 AD2d 135 [2000]). Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.