THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAS AMADI DAVIS, Appellant. [947 NYS2d 913]

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 264 [2011]; *People v Moyett*, 7 NY3d 892, 893 [2006]; *People v Jacob*, 94 AD3d 1142 [2012]) and, thus, does not preclude review of his excessive sentence claim. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, A.P.J., Dillon, Eng, Lott and Miller, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP FIORELLO, Appellant. [947 NYS2d 909]

Inasmuch as "the defendant received the minimum sentence permitted by law, this Court has no authority to reduce [the sentence] as a matter of discretion in the interest of justice" (*People v Howard*, 50 AD3d 823, 823 [2008]; *see* CPL 470.20 [6]; Penal Law §§ 70.00 [3] [a] [ii]; 220.41; *People v Wilson*, 28 AD3d 796, 797 [2006]; *People v Muller*, 294 AD2d 602 [2002]). Mastro, A.P.J., Rivera, Belen, Roman and Sgroi, JJ., concur.