■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAQUEAN R. MATTHEWS, Appellant. [958 NYS2d 629]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered May 6, 2010, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's valid waiver of his right to appeal precludes review of his argument that the Supreme Court erred in denying his motion to suppress certain evidence obtained during an inventory search (*see People v Ramos*, 7 NY3d 737 [2006]; *People v Lopez*, 6 NY3d 248, 255, 257 [2006]; *People v Arias*, 100 AD3d 914 [2012]). Skelos, J.P., Dickerson, Chambers and Hinds-Radix, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW McAVOY, Appellant. [958 NYS2d 619]—

Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (J. Doyle, J.), imposed September 19, 2011, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

Contrary to the People's contention, it is not evident from the face of this record that the defendant knowingly, voluntarily, and intelligently waived his right to appeal, as the County Court never confirmed that the defendant understood the concept of the appeal waiver and the nature of the right he was forgoing (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]). Therefore, appellate review of the defendant's sentence is not precluded (*see People v Davis*, 97 AD3d 763 [2012]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Dillon, Chambers and Austin, JJ., concur.