[993 NE2d 405, 970 NYS2d 919]

The People of the State of New York, Respondent, v Robert Mitchell, Appellant.

The People of the State of New York, Respondent, v Josue Deliser, Appellant.

Argued May 2, 2013; decided June 11, 2013

## APPEARANCES OF COUNSEL

*Richard M. Greenberg, Office of the Appellate Defender*, New York City (*Rebekah J. Pazmiño* of counsel), for appellant in the first above-entitled action.

*Robert T. Johnson, District Attorney*, Bronx (*Richard J. Ramsay, Joseph N. Ferdenzi* and *Peter D. Coddington* of counsel), for respondent in the first above-entitled action.

*Lynn W.L. Fahey, Appellate Advocates*, New York City (*Winston McIntosh* of counsel), for appellant in the second above-entitled action.

*Charles J. Hynes, District Attorney*, Brooklyn (*Diane R. Eisner* and *Leonard Joblove* of counsel), for respondent in the second above-entitled action.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed in *People v Mitchell,* and the order of the Appellate Division should be reversed and the case remitted to Supreme Court in *People v Deliser* for further proceedings in accordance with this memorandum.

## People v Mitchell

Defendant pleaded guilty to two counts of murder in the second degree. Prior to sentencing, he filed a pro se motion to withdraw that plea, arguing, among other things, that his counsel coerced him into pleading guilty. When asked by the court if defense counsel had anything to say on defendant's behalf, counsel said: "[O]nly that I do not adopt the merits or factual assertions relative to this [motion]." Defense counsel expressed his concern to the court that if he did not respond to the motion, his silence might be deemed an acknowledgment that there was merit to the claims. In response to this concern, the court indicated it would assign new counsel. The court permitted defense counsel to be heard, and defense counsel took a position contrary to defendant's claim of coercion. After a proceeding with new defense counsel, the motion was denied. The Appellate Division affirmed the judgment of conviction and sentence (89 AD3d 628 [1st Dept 2011]).

## People v Deliser

Defendant pleaded guilty to attempted murder in the second degree and robbery in the first degree in satisfaction of two indictments. He subsequently made a pro se motion to withdraw his plea in both cases, claiming that his pleas had been coerced by, among other things, defense counsel's alleged undue pressure on him. Asked for his response, defense counsel explained the actions he took on defendant's behalf. He concluded with the statement that, in his opinion, the People had "two strong cases against [defendant] and I think he made a knowing plea and I think it was in his best interest."

After reading portions of the plea minutes, the court denied defendant's motion to withdraw the pleas. The Appellate Division affirmed the judgments of conviction and sentence (85 AD3d 1047 [2d Dept 2011]) concluding, among other things, that defendant's attorney did not take a position adverse to defendant's motion to withdraw his pleas.

A Judge of this Court granted defendants leave to appeal.

It is well settled that a defendant has a right to the effective assistance of counsel on his or her motion to withdraw a guilty plea (*see People v Boyd*, 22 NY2d 707 [1968]; *People v Rozzell*, 20 NY2d 712 [1967]). The motion court has broad discretion in its fact-finding inquiry on the motion and often a "limited interrogation by the court will suffice" (*People v Tinsley*, 35 NY2d 926, 927 [1974]). "Only in the rare instance will a defendant be entitled to an evidentiary hearing" (*id.*).

Thus, when a motion to withdraw a plea is patently insufficient on its face, a court may simply deny the motion without making any inquiry. When certain actions or inaction on the part of defense counsel is challenged on the motion, it may very well be necessary for defense counsel to address the matter when asked to by the court. When doing so, defense counsel should be afforded the opportunity to explain his performance with respect to the plea (*see People v Nelson*, 7 NY3d 883 [2006]), but may not take a position on the motion that is adverse to the defendant (*see People v Kennedy*, 22 NY2d 280, 282 [1968]). At that point, a conflict of interest arises, and the court must assign a new attorney to represent the defendant on the motion.

In *Mitchell*, when defense counsel stated on the record his opposition to the motion, the court providently exercised its discretion in assigning new counsel. The court's decision to deny defendant's motion after hearing from new defense counsel is supported by the record.

In *Deliser*, the court abused its discretion in not assigning new counsel once defense counsel took a position contrary to the one taken by his client on the motion. Thus defendant is entitled to be heard on his plea withdrawal motion with new assigned counsel.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and RIVERA concur; Judge ABDUS-SALAAM taking no part.

In *People v Mitchell*: Order affirmed, in a memorandum.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and RIVERA concur; Judge ABDUS-SALAAM taking no part.

In *People v Deliser*: Order reversed and case remitted to Supreme Court, Kings County, for further proceedings in accordance with the memorandum herein.