■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR CHRISTIAN, Appellant. [975 NYS2d 674]—

Appeal from judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered May 4, 2011, convicting defendant, upon his plea of guilty, of criminal possession of a forged instrument in the third degree, and sentencing him to a term of one year, held in abeyance, and the matter remitted for further proceedings with new counsel assigned to defendant's request to withdraw his plea.

At sentencing, defendant moved to withdraw his guilty plea, and made accusations against his attorney. The attorney made a lengthy factual recitation that refuted defendant's claims. The attorney's recitation, which went beyond a mere explanation of his performance, was clearly adverse to his client's position, and the court denied the motion only after this recitation was completed. This situation created a conflict of interest requiring the assignment of new counsel to represent defendant on the motion (*see People v Mitchell*, 21 NY3d 964, 967 [2013]; *People v Rozzell*, 20 NY2d 712 [1967]). Although the attorney suggested that assignment of new counsel would be appropriate, the court directed the attorney to continue.

Accordingly, defendant is entitled to a new opportunity to move to withdraw his plea, with representation by new counsel. Concur—Tom, J.P., Saxe, DeGrasse, Richter and Clark, JJ.