■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONDY RUSS, Also Known as SKI, Appellant. [986 NYS2d 364]—

Peters, P.J. Appeal from a judgment of the Supreme Court (Breslin, J.), rendered June 19, 2012 in Ulster County, convicting defendant upon his plea of guilty of the crime of conspiracy in the second degree.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to the crime of conspiracy in the second degree stemming from the shooting death of Charles King Jr. Prior to sentencing, defendant, pro se, moved to withdraw his plea, claiming that he was innocent and had involuntarily entered a plea of guilty due to defense counsel's misrepresentations and coercion. The matter was adjourned for defendant to obtain new counsel. Thereafter, upon questioning by Supreme Court regarding the voluntariness of defendant's plea, his new counsel affirmatively stated that the plea allocution reflects that defendant's plea was voluntary. Supreme Court denied defendant's motion and sentenced

him as a second felony offender in accordance with the plea agreement. This appeal ensued.

We agree with defendant's contention that he received ineffective assistance of counsel inasmuch as his new counsel took a position adverse to his with regard to the motion to withdraw his plea. "While defense counsel is not required to *support* a pro se motion to withdraw a guilty plea, counsel 'may not take a position . . . that is *adverse* to the defendant' " (*People v Zaorski*, 111 AD3d 1054, 1054 [2013] [emphasis added and citation omitted], quoting *People v Mitchell*, 21 NY3d 964, 967 [2013]). Although defendant was properly permitted to obtain a new attorney, he was denied the effective assistance of counsel when such counsel "affirmatively undermined arguments [that defendant] wished the court to review" (*People v McCray*, 106 AD3d 1374, 1375 [2013] [internal quotation marks and citation omitted]; *see People v Berroa*, 99 NY2d 134, 139-140 [2002]; *People v Zaorski*, 111 AD3d at 1055). Accordingly, the matter must be remitted for reconsideration of defendant's motion, for which he must be represented by new counsel.

In light of this determination, we need not address defendant's remaining contentions.

Lahtinen, McCarthy, Garry and Devine, JJ., concur. Ordered the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Ulster County for assignment of new counsel and reconsideration of defendant's motion to withdraw his guilty plea; and, as so modified, affirmed.