■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUCEF COLLEY, Appellant. [993 NYS2d 635]—

Judgment, Supreme Court, New York County (Gregory Carro,

J.), rendered January 16, 2013, convicting defendant, upon his plea of guilty, of criminal sexual act in the first degree, and sentencing him to a term of 10 years, with 20 years' postrelease supervision, unanimously affirmed.

The court properly denied defendant's motion to withdraw his guilty plea. There is nothing in the record to cast doubt on the voluntariness of the plea. The plea allocution minutes establish that the court advised defendant of the 20-year postrelease supervision component of his sentence, and that defense counsel had thoroughly explained to her client the terms of the plea, including the PRS term, in conversations both in prison and at court. Accordingly, defendant's vague complaint that PRS had not been explained to him with sufficient precision did not warrant a hearing, and the court's limited inquiry was permissible (*see People v Mitchell*, 21 NY3d 964, 967 [2013]; *People v Frederick*, 45 NY2d 520 [1978]), given that the consequences of violating PRS are merely collateral (*People v Monk*, 21 NY3d 27, 32 [2013]). Defendant made a valid waiver of his right to appeal (*see People v Caviness*, 95 AD3d 622 [1st Dept 2012], *lv denied* 19 NY3d 995 [2012]), which forecloses review of his remaining arguments. Regardless of whether defendant made a valid waiver of his right to appeal, we perceive no basis for reducing the term of postrelease supervision. Concur—Mazzarelli, J.P., Acosta, DeGrasse and Manzanet-Daniels, JJ.