================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 204
The People &c.,
            Respondent,
        v.
Kelvin Spears,
            Appellant.

            Janet C. Somes, for appellant.
            Erin Tubbs, for respondent.

MEMORANDUM:

        The order of the Appellate Division should be affirmed.

        Defendant Kelvin Spears was charged by indictment with

one count of sexual abuse in the first degree, a class D felony,

for sexual contact with a female child under the age of eleven.

- 1 -

Defendant pleaded guilty to a reduced charge of sexual abuse in the second degree, a misdemeanor, with a sentence of six years' probation. Over two months later, defendant appeared at sentencing and requested an adjournment. Defendant's counsel noted that she had spoken with defendant that morning and was requesting an adjournment to discuss with defendant his interest in withdrawing his plea. The People opposed an adjournment, arguing that defendant had been out of custody for two months and thus had more than enough time to bring a motion before the court prior to sentencing. The People further asserted that there was no indication that defendant did not freely know and understand the terms of his plea.

Supreme Court denied the request, informed defendant that the People moved for sentencing, and asked defendant whether there was a reason he should not be sentenced. Defendant replied that he wanted an adjournment to look at his legal options because it was a very big decision, and he was unable to contact his counsel to address certain issues. Supreme Court stated that based on those statements, defendant's request was denied, and the court again asked defendant if he had anything further to say. Defendant requested new counsel. Defense counsel stated that defendant had attempted to meet with her the afternoon before, but counsel was unable to meet due to a previously scheduled appointment with a client. However, counsel stated that she did in fact speak with defendant that morning about his

interest in withdrawing his plea.  Defense counsel again
requested an adjournment.  Supreme Court again denied the
request, stating that defendant had an opportunity to tell the
court the basis for the request but no ground had been given
other than that it was a big decision, which the court stated was
not enough.  Defendant was then sentenced in accordance with his
plea.  The Appellate Division affirmed, stating that Supreme
Court "did not abuse its discretion in denying [defendant's]
request for an adjournment at sentencing" (People v Spears, 106
AD3d 1534, 1535 [4th Dept 2014]).

Whether to grant an adjournment is within Supreme
Court's discretion (see Matter of Antony M., 63 NY2d 270, 283-284
[1984]; People v Singleton, 41 NY2d 402, 405 [1977]).  Based upon
the colloquy at sentencing, defendant had more than a fair amount
of time to speak with counsel regarding his interest in
withdrawing his plea.  Although defendant was out of custody for
two months, having been released on his own recognizance
following his plea allocution, the record reflects that he only
contacted defense counsel the day before sentencing in order to
discuss his plea concerns.  Despite defense counsel's inability
to meet with defendant that day, defense counsel stated during
sentencing that she had spoken with defendant that morning.

Defendant argues that Supreme Court abused its
discretion by denying his request for an adjournment, claiming
there was no compelling reason to deny his request and that his

fundamental right to assistance of counsel was at stake.
Defendant, however, was able to exercise his right to counsel.
It is clear from the colloquy defendant conferred with counsel
prior to sentencing.  Neither defendant nor his counsel was able
to articulate to Supreme Court a ground upon which the plea could
be withdrawn.  If defendant could have articulated such a ground,
it appears that the court would have been willing to grant an
adjournment, as evidenced by the judge's queries about
defendant's reason for his request.  Although granting an
adjournment here would not have resulted in prejudice to the
People, absent any indication that defendant had grounds to
support a plea withdrawal, Supreme Court refusal to grant the
adjournment was not an abuse of discretion.[1]

---

[1]  The dissent references supposed deficiencies in the plea
colloquy; however, defendant has not made such arguments to this
Court.

People v Kelvin Spears

No. 204

PIGOTT, J.(dissenting):

When deciding whether a court has properly exercised its discretion, in my view, we must consider more than what a court did at the time it exercised such discretion. Rather, we need to consider the series of events that led up to that point. In this case, those events, which can only be characterized as one-sided, landed defendant before the sentencing court with a simple request for an adjournment that would have affected no one adversely. Nonetheless, the court summarily refused to grant an adjournment. A summary of the events prior to that decision proves why that decision can only be viewed as an abuse of discretion.

Defendant was indicted on February 5, 2009, and charged with sexual abuse in the first degree (Penal Law § 130.65 [3]), a D felony carrying a maximum sentence of seven years. At his arraignment, defendant, supported by his family, was held in lieu of $10,000 cash or a $25,000 surety bond. The court took this action, despite the fact that defendant was employed and the County Pretrial Release Program found him "OR eligible". In making the bail determination, the court apparently placed more credence in the representations made by the People, who claimed

- 1 -

there was a second victim who had "not been presented to a Grand Jury but ha[d] not gone away."  The People further noted that defendant "if convicted" faced up to seven years in New York State prison on a violent felony conviction.

The court scheduled a <u>Huntley</u> hearing for some three months later with an admonition to defense counsel that, in the event she had a conflict with the scheduled date, she should "send somebody else over because we have to schedule it."  As a result of the foregoing, defendant spent the next three months in pretrial detention.

On the scheduled hearing date, defendant and his defense counsel were present and prepared to go forward, but no appearance was made by the People or their witnesses, and no explanation given.  The court simply noted on the record that "the District Attorney has not appeared, no witnesses have appeared.  I'm going to adjourn this case to Friday at 11:30 for the <u>Huntley</u> hearing.  I know [defense counsel] is scheduled to be here on another matter."  Defense counsel objected to the adjournment, asking instead that the relief sought in defendant's motion be granted "since the People [were] clearly not ready to proceed with the hearing."  That motion was denied without comment.

Then, on the rescheduled hearing date, a dramatic change occurred.  Instead of going forward with the hearing, the People offered defendant a misdemeanor plea with time served,

probation and defendant's immediate release from custody. Defendant accepted the plea, and agreed to an order of protection and a waiver of his right to appeal. He was given "a minute to talk it over with his girlfriend." Thereafter, at the direction of the court, defendant withdrew all of his motions, waived his right to appeal, pleaded guilty to the misdemeanor and accepted the various court fee charges.[1]

At the plea colloquy, it was the prosecutor, not the court, who "[took defendant] through his rights." At the conclusion of that exchange, the <u>court</u> asked the prosecutor: "Any further warnings you want me to give to him?" The prosecutor answered "No, I think that suffices, Your Honor." At this point, the court admonished defendant that "in no case will [the court] allow you to withdraw your plea of guilt. If you don't appear for sentencing, a bench warrant will be issued for your arrest and you could be charged for another crime of absconding for not appearing." The court then scheduled sentencing, but at the request of the prosecutor who believed he would be "on vacation that week", sentencing was delayed another two weeks.

The majority places significance on the fact that eight weeks transpired between defendant's release and his request for an adjournment. However, they make no mention of the fact that defendant was held for over three months in pretrial detention,

---

[1] It was later disclosed that the second "victim" had been "no-billed" by a Monroe County Grand Jury.

that a gratuitous adjournment was given to the People at the

Huntley hearing, upon their non-appearance without explanation,

and that the prosecutor obtained a delay in sentencing, for the

asking, based on his vacation time.

These facts, in my view, demonstrate that the court

abused its discretion in refusing to grant defendant a simple

adjournment of his sentencing, particularly when he had been

released from custody and the promised sentence was probation.

In People v Nixon  (21 NY2d 338, 355 [1967]), this

Court noted:

> "[I]t would seem that a sound discretion
> exercised in cases on an individual basis is
> best rather than to mandate a uniform
> procedure which, like as not, would become a
> purely ritualistic device.  Indeed, today,
> there is reason to suspect that many pleading
> defendants are prepared to give the
> categorical answers only because they know
> that this is the route to eligibility for the
> lesser plea. ... While the essence of justice
> may be procedure there can be a point at
> which the administration of justice becomes
> only procedure and the essence of justice is
> lost."

We echoed that sentiment in a number of later cases.

For instance, in People v Fiumefreddo (82 NY2d 536, 543 [1993]),

we noted:  "On motions to withdraw guilty pleas, the 'defendant

should be afforded reasonable opportunity to present his

contentions and the court should be enabled to make an informed

determination in accordance with the principles laid down in

*People v Nixon*."

Moreover, we have been sensitive to the rights of

defendants when it comes to taking a plea, including the consequences thereof (see People v McAlpin, 17 NY3d 936 [2011]; People v Mox, 20 NY3d 936 [2012]; People v Tyrell, 22 NY3d 359 [2013]; People v Mitchell, 21 NY3d 964 [2013]; People v Turner, __ NY3d ___ [2014][decided Oct. 23, 2014] [noting that "the prosecutor, not the court, led the sentencing colloquy and may have misled defendant by telling her that PRS was 'part of her plea'"]).  Indeed, in People v Turner, the court, over defendant's insistence that he was ready to take the plea, adjourned the matter to ensure defendant was fully apprised of the consequences of his plea.

The issue to me is nothing more than whether defendant should be granted an adjournment in light of the facts and circumstances of the case.  The undisputed facts reveal that a simple adjournment would have harmed no one and would have demonstrated a balanced approach to defendant's plea and sentence.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, in a memorandum.  Chief Judge Lippman and Judges Graffeo, Read, Smith, Rivera and Abdus-Salaam concur.  Judge Pigott dissents in an opinion.

Decided November 25, 2014