*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                    105912
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                  MEMORANDUM AND ORDER

LAMAR PRATER,
                        Appellant.
_____


Calendar Date:  February 11, 2015

Before:  Peters, P.J., Garry, Rose and Lynch, JJ.

_____


        Carolyn B. George, Albany, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Gerald A.
Dwyer of counsel), for respondent.

_____


Lynch, J.

        Appeal from a judgment of the County Court of Schenectady
County (Giardino, J.), rendered May 6, 2013, convicting defendant
upon his plea of guilty of the crime of burglary in the second
degree.

        In satisfaction of a three-count indictment, defendant
pleaded guilty to burglary in the second degree and waived his
right to appeal.  Defendant thereafter moved pro se to withdraw
his plea, asserting, among other things, that counsel had
pressured him into accepting the plea and that it was
involuntary.  After reviewing the plea minutes and hearing from
defense counsel, County Court denied the motion and sentenced
defendant, in accordance with the plea agreement, to five years
in prison to be followed by five years of postrelease

supervision.  Defendant appeals.

In our view, the judgment must be modified.  "It is well settled that a defendant has a right to the effective assistance of counsel on his or her motion to withdraw a guilty plea" (People v Mitchell, 21 NY3d 964, 966 [2013] [citations omitted]). While defense counsel need not support a pro se motion to withdraw a plea, counsel may not become a witness against his or her client (see People v Hutchinson, 57 AD3d 1013, 1014-1015, [2008], lv denied 12 NY3d 817 [2009]), make remarks that "affirmatively undermine" a defendant's arguments (see People v Pimentel, 108 AD3d 861, 863 [2013], lv denied 21 NY3d 1076 [2013]), or otherwise "take a position that is adverse to the defendant" (People v Russ, 118 AD3d 1039, 1040 [2014] [internal quotation marks and citations omitted].  Here, when asked to respond to defendant's pro se motion, counsel advised that, in his opinion, "[County] Court thoroughly explained everything to him . . ., [defendant had] no questions concerning the plea" and that there was no way that he could see that defendant "pleaded without knowing what he was pleading to."  In our view, because counsel's opinion was adverse to defendant, a conflict of interest arose and County Court should have assigned a new attorney to represent defendant (see People v Mitchell, 21 NY3d at 967; People v Russ, 118 AD3d at 1040; People v McCray, 106 AD3d 1374, 1375 [2013]).

In light of this determination, we need not address defendant's remaining contentions.

Peters, P.J., Garry and Rose, JJ., concur.

ORDERED the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Schenectady County for assignment of new counsel and reconsideration of defendant's motion to withdraw his plea; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court