■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICOLE LOPEZ, Appellant. [8 NYS3d 599]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered May 5, 2014, convicting her of criminal possession of a controlled substance in the first degree and robbery in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that her plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, since she did not move to withdraw the plea (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Hammonds*, 91 AD3d 791 [2012]). In any event, the plea was knowingly, voluntarily, and intelligently entered (*see People v Perez*, 82 AD3d 1451 [2011]; *People v Swindell*, 72 AD3d 1340, 1341 [2010]).

The defendant was not deprived of the effective assistance of counsel (*see Strickland v Washington*, 466 US 668 [1984]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]; *see also People v Fiorello*, 97 AD3d 763 [2012]; *People v Howard*, 50 AD3d 823 [2008]). Dillon, J.P., Leventhal, Chambers and Maltese, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL ADRIAN LOPEZ-PEREZ, Appellant. [8 NYS3d 600]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered September 21, 2011, convicting him of murder in the second degree and aggravated criminal contempt, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Since the defendant's application to withdraw his plea of guilty was patently insufficient on its face, the County Court providently exercised its discretion in summarily denying it (*see People v Mitchell*, 21 NY3d 964, 967 [2013]; *People v McGuire*, 122 AD3d 947, 948 [2014]). Contrary to the defendant's contention, the defendant's attorney did not take a position adverse to that of the defendant with respect to the application (*cf. People v Mitchell*, 21 NY3d at 967; *People v Barr*, 116 AD3d 1061, 1061-1062 [2014]). Rivera, J.P., Roman, Sgroi and Duffy, JJ., concur.