# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1354**
**KA 14-00788**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

MICHAEL HECKERMAN, DEFENDANT-APPELLANT.

---

SESSLER LAW PC, GENESEO (STEVEN D. SESSLER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL HECKERMAN, DEFENDANT-APPELLANT PRO SE.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered January 28, 2014. The judgment convicted defendant, upon his plea of guilty, of promoting prison contraband in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of promoting prison contraband in the first degree (Penal Law § 205.25 [2]). We reject defendant's contention that he was denied effective assistance of counsel on his motion to withdraw his guilty plea, and that County Court should have assigned new counsel before addressing the motion (*see generally People v Mitchell*, 21 NY3d 964, 966-967). We conclude based on the record before us that defense counsel never took a position adverse to defendant's interests or in opposition to the motion (*cf. id.* at 967). Indeed, we note that defendant never sought new counsel on the motion but, rather, he contends for the first time on appeal that he was entitled to new counsel because his lawyer might have taken a position that was adverse to his interests (*see generally People v Porto*, 16 NY3d 93, 100-101). Under such circumstances, we perceive no error by the court.

Defendant's contention in his pro se supplemental brief that he "was coerced [into accepting the plea is] belied by his statements during the plea colloquy" in which he stated that he had not been pressured or coerced (*People v Farley*, 34 AD3d 1229, 1230, *lv denied* 8 NY3d 880; *see People v Garner*, 86 AD3d 955, 955).

Defendant contends in his pro se supplemental brief that the indictment is defective because the item he possessed, i.e., a padlock tied to a shoelace, is not "dangerous contraband" (Penal Law § 205.00 [4]; *see* § 205.25 [2]).  Inasmuch as defendant's contention concerns an alleged nonjurisdictional defect, it was forfeited by his guilty plea (*see generally People v Konieczny*, 2 NY3d 569, 572; *People v Hansen*, 95 NY2d 227, 231-232).  Defendant's further contention in his pro se supplemental brief challenging the evidence supporting the indictment was also forfeited by his guilty plea.  "While [defendant's] constitutional right to be prosecuted on a jurisdictionally valid indictment survived the guilty plea, his right to challenge [the] evidence did not" (*Hansen*, 95 NY2d at 232).

We have reviewed defendant's remaining contention in his pro se supplemental brief and conclude that it is without merit.

Entered:  December 31, 2015                     Frances E. Cafarell
                                                Clerk of the Court