■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL HOLMES, Appellant. [42 NYS3d 811]—

Judgment, Supreme Court, Bronx County (Joseph J. Dawson, J., at plea; Raymond L. Bruce, J., at sentencing), rendered October 17, 2013, convicting defendant of burglary in the third degree, and sentencing him, as second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court was not obligated to appoint new counsel for defendant at sentencing in connection with his motion to withdraw his guilty plea, notwithstanding remarks by defense counsel that defendant contends were adverse to his claim that his plea was coerced. First, the remarks were made after the court had implicitly denied the motion to withdraw the plea, and could not have affected that ruling. Second, to the extent that counsel's remarks were relevant to defendant's motion, they did not give rise to a conflict of interest. When the conduct of counsel is challenged in the context of a motion to withdraw a plea, "defense counsel should be afforded the opportunity to explain his performance with respect to the plea, but may not take a position on the motion that is adverse to the defendant" (*People v Mitchell*, 21 NY3d 964, 967 [2013] [citation omitted]). Here, counsel's brief, limited and innocuous comments recounting some of her efforts leading up to the plea did not amount to asserting that defendant's motion lacked merit (*see People v Washington*, 25 NY3d 1091, 1095 [2015]). The court properly denied the motion without assigning new counsel. Defendant received an opportunity to amplify his challenge to his plea, but declined to do so (*see People v Frederick*, 45 NY2d 520 [1978]). Concur—Mazzarelli, J.P., Sweeny, Richter, Manzanet-Daniels and Feinman, JJ.