People v Oliver (2018 NY Slip Op 01221)





People v Oliver


2018 NY Slip Op 01221


Decided on February 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2018

108179

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL L. OLIVER, Appellant.

Calendar Date: January 12, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Chad W. Brown, District Attorney, Johnstown (Christopher M. Stanyon of counsel), for respondent.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Fulton County (Hoye, J.), rendered December 8, 2015, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.
Pursuant to a negotiated plea agreement, defendant pleaded guilty to sexual abuse in the first degree. Prior to sentencing, defense counsel informed County Court that, contrary to her advice, defendant wished to move to withdraw his plea. Defendant informed County Court that he wanted to withdraw his plea because the plea agreement was unfair, he had not received copies of the victim's medical evaluation and he was innocent. Following an inquiry, County Court concluded that defendant had not
established sufficient grounds to withdraw his plea and thereafter sentenced him to five years in prison to be followed by 10 years of postrelease supervision. Defendant now appeals.
Defendant initially contends that County Court erred in not assigning him a new attorney to represent him in his motion to withdraw his plea. We agree. "It is well settled that a defendant has a right to effective assistance of counsel on his or her motion to withdraw a guilty plea" (People v Mitchell, 21 NY3d 964, 966 [2013] [citations omitted]; accord People v Prater, 127 AD3d 1249, 1250 [2015]). "While defense counsel need not support a pro se motion to withdraw a plea, counsel may not become a witness against his or her client, make remarks that affirmatively undermine a defendant's arguments or otherwise take a position that is adverse to the defendant" (People v Prater, 127 AD3d at 1250 [internal quotation marks, ellipsis and [*2]citations omitted]; see People v McCray, 106 AD3d 1374, 1375 [2013]).
At sentencing, defense counsel appropriately advised County Court that, although she had counseled defendant regarding the potential consequences of withdrawing his guilty plea, and despite her legal advice to the contrary, defendant nevertheless wished to proceed with such a motion. Defendant thereafter set forth various reasons as to why he believed he was entitled to the requested relief. In response to County Court's subsequent inquiries, however, defense counsel made comments that, in our view, could be construed as undermining the very arguments that defendant had raised in support of his motion. Accordingly, once defense counsel took a position that was adverse to defendant, County Court should have assigned a new attorney to represent him on his motion to withdraw his plea (see People v Mitchell, 21 NY3d at 967; People v Prater, 127 AD3d at 1250; People v Russ, 118 AD3d 1039, 1040 [2014]; People v McCray, 106 AD3d at 1375). In light of this determination, we need not address defendant's remaining contentions.
Garry, P.J., McCarthy, Lynch and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Fulton County for the assignment of new counsel and reconsideration of defendant's motion to withdraw his plea; and, as so modified, affirmed.