People v Colson (2018 NY Slip Op 02885)





People v Colson


2018 NY Slip Op 02885


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Renwick, J.P., Manzanet-Daniels, Tom, Andrias, Oing, JJ.


6373 4647/15

[*1]The People of the State of New York, Respondent,
v
Terrence Colson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Appeal from judgment, Supreme Court, New York County (Thomas A. Farber, J. at hearing; Mark Dwyer, J. at plea and sentencing), rendered October 25, 2016, convicting defendant of two counts of robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of seven years, held in abeyance, and the matter remitted for further proceedings on defendant's motion to withdraw his plea, with new counsel assigned.
Before sentencing, defendant made a written pro se motion to withdraw his guilty plea, asserting that his plea was involuntary because he "was not fully aware of the circumstances involved," and that he had a meritorious defense. In a companion motion, he cited specific inconsistencies in the victim's statements. Defendant did not claim there were any deficiencies in defense counsel's performance. However, when asked by the court whether she had anything to say "on behalf of the motion," counsel replied, "I don't think that there . . . is a basis for it," and that defendant had not wanted to proceed to trial.
This constituted taking a position adverse to defendant's, and thus warranted assignment of new counsel (see People v Christian, 112 AD3d 414 [1st Dept 2013]; see also People v Ferguson, 140 AD3d 976, 977 [2d Dept 2016]). To the extent that, after the court denied the motion, counsel made additional comments that appeared to bear on her advice to defendant about taking the plea, these were unnecessary because, in his plea withdrawal motion, defendant never complained about his attorney's conduct. Thus, counsel's comments were adverse to her client's position, and "went beyond a mere explanation of h[er] performance" (Christian, 112 AD3d at 414).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK