People v Faulkner (2019 NY Slip Op 00645)





People v Faulkner


2019 NY Slip Op 00645


Decided on January 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 31, 2019

109761

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROMEO FAULKNER, Appellant.

Calendar Date: January 14, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Robert Gregor, Lake George, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered October 8, 2014, convicting defendant upon his plea of guilty of the crime of rape in the third degree (two counts).
In July 2014, defendant was charged by indictment with five counts of rape in the third degree, four counts of criminal sexual act in the third degree, one count of endangering the welfare of a child and five counts of criminal contempt in the second degree. Pursuant to a negotiated plea agreement, defendant pleaded guilty to two counts of rape in the third degree in full satisfaction of the charges against him and waived his right to appeal in exchange for a maximum aggregate prison term of three years. Following repeated Parker admonishments, defendant was released and directed to turn himself in the following week; however, when he failed to do so, a bench warrant was issued and he was ultimately rearrested. At a subsequent appearance, defendant made an oral pro se motion to withdraw his guilty plea. In response, defense counsel stated that he had advised defendant that there was no basis for the motion and that he believed defendant's plea had been knowingly and voluntarily entered. County Court reserved decision on defendant's motion, as well as the question of whether defendant should be assigned new counsel. Defendant appeared with the same counsel at the next appearance, which, according to County Court, had been scheduled for a determination "as to whether or not to assign" defendant new counsel. However, County Court did not address this question; rather, County Court denied defendant's pro se motion on the merits. Thereafter, in light of defendant's rearrest prior to sentencing and several alleged violations of his release conditions, the People sought an enhanced sentence. With the assistance of the same counsel, defendant waived his right to an Outley hearing and consented to the court's imposition of an enhanced, aggregate prison term of six years, in satisfaction of the two subject charges, as well as any outstanding charges resulting from alleged violations of his release conditions, to be followed by 10 years of postrelease supervision. Defendant appeals.
Defendant's sole contention on appeal is that defense counsel undermined his pro se motion to withdraw his guilty plea by taking a position adverse to his interests and, as a result of this violation of his right to the effective assistance of counsel, County Court should have assigned new counsel to represent him on his motion. The People agree, as do we. "It is well settled that a defendant has a right to the effective assistance of counsel on his or her motion to withdraw a guilty plea" (People v Mitchell, 21 NY3d 964, 966 [2013] [citations omitted]; see People v Rozzell, 20 NY2d 712, 713 [1967]). Although "defense counsel need not support a pro se motion to withdraw a plea, counsel may not become a witness against his or her client, make remarks that affirmatively undermine a defendant's arguments, or otherwise take a position that is adverse to the defendant" (People v Oliver, 158 AD3d 990, 991 [2018] [internal quotation marks and citations omitted]; see People v McCray, 106 AD3d 1374, 1375 [2013]). "[C]ounsel takes a position adverse to his [or her] client when stating that the defendant's motion lacks merit, or that the defendant, who is challenging the voluntariness of his [or her] guilty plea, made a knowing plea that was in his [or her] best interest" (People v Washington, 25 NY3d 1091, 1095 [2015] [internal quotation marks, ellipsis, brackets and citations omitted]; see People v Deliser, 21 NY3d 964, 966 [2013]). If counsel takes a position that is adverse to his or her client, a conflict of interest arises and the trial court must assign new counsel to represent the defendant on the motion (see People v Mitchell, 21 NY3d at 966; People v Tyler, 130 AD3d 1383, 1385 [2015]; People v McCray, 106 AD3d at 1375).
Defense counsel's repeated assertions that there was no basis for defendant's motion and that his plea had been entered knowingly and voluntarily created a conflict of interest between him and defendant, thereby giving rise to County Court's obligation to assign new counsel before deciding the motion (see People v Oliver, 158 AD3d at 991; People v Prater, 127 AD3d 1249, 1250 [2015]; People v Russ, 118 AD3d 1039, 1040 [2014]). Accordingly, we vacate the sentence and remit the matter for assignment of new counsel and reconsideration of defendant's motion.
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Schenectady County for the assignment of new counsel and reconsideration of defendant's motion to withdraw his plea; and, as so modified, affirmed.