People v Rose (2019 NY Slip Op 05696)





People v Rose


2019 NY Slip Op 05696


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-01068
 (Ind. No. 1379/15)

[*1]The People of the State of New York, respondent,
v
Winston S. Rose, appellant.


Steven A. Feldman, Uniondale, NY (Arza Feldman of counsel), for appellant.
Thomas J. Spota, Riverhead, NY (Caren C. Manzello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Richard Ambro, J.), rendered December 9, 2016, convicting him of criminal sale of a controlled substance in the third degree and conspiracy in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the County Court, Suffolk County, for further proceedings on the defendant's application to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and thereafter a report to this Court limited to the County Court's findings with respect to whether the defendant has established his entitlement to the withdrawal of his plea, and the appeal is held in abeyance pending receipt of the County Court's report, which shall be filed with all convenient speed.
At his sentencing proceeding, the defendant made a pro se oral application to withdraw his plea of guilty. The defendant asserted, among other things, that the prosecutor had coerced him into pleading guilty by threatening to prosecute his father, and that his attorney had failed to provide effective assistance of counsel. Defense counsel took a position adverse to the defendant, in that defense counsel stated that he had told the defendant that he was willing to try the case, but that the defendant had come to the conclusion that the plea was in his best interest after talking to his mother. Defense counsel also stated that the defendant had accused everyone but himself, and had refused to accept responsibility for his actions. Defense counsel then requested that the County Court go forward with the imposition of sentence.
The defendant's right to counsel was adversely affected when his attorney took a position adverse to him with respect to the application to withdraw his plea (see People v Mitchell, 21 NY3d 964, 966; People v Hayes, 140 AD3d 1186, 1186; People v Ferguson, 140 AD3d 976, 977). Accordingly, we remit the matter to the County Court, Suffolk County, for further proceedings on the defendant's application to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and thereafter a report to this Court limited to the County Court's findings with respect to whether the defendant has established his entitlement to the withdrawal of his plea. We hold the appeal in abeyance pending receipt of the County Court's report. We express no opinion as to the merits of the defendant's application, and we decide no other issues at this time.
RIVERA, J.P., DILLON, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court