People v Pierre (2019 NY Slip Op 06803)





People v Pierre


2019 NY Slip Op 06803


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-01332
 (Ind. No. 6387/16)

[*1]The People of the State of New York, respondent,
v
Jimmy Pierre, appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Avshalom Yotam of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miriam Cyrulnik, J.), rendered January 10, 2017, convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
After entering his plea of guilty, the defendant stated to the interviewer from the Department of Probation that he felt pressured to plead guilty and had intended to go trial. Although the defendant did not move to withdraw his plea, the Supreme Court appointed new counsel and adjourned the scheduled sentencing proceeding in order to allow new counsel to evaluate the defendant's options. At sentencing, new counsel stated that he did not see anything in the record that would provide grounds for the defendant to withdraw his plea, and that, after careful review of the evidence, he could not say that the terms of the plea were unfair. The defendant was then offered an opportunity to make a statement on the record and declined to do so. The court imposed the negotiated sentence.
Under these circumstances, the record does not support the defendant's view that his new counsel, at sentencing, took a position adverse to his client (compare People v Taylor, 168 AD3d 468 and People v Anonymous, 148 AD3d 647, with People v Mitchell, 21 NY3d 964). Accordingly, we affirm the judgment.
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court