People v Tomlinson (2019 NY Slip Op 09040)





People v Tomlinson


2019 NY Slip Op 09040


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-09282
 (Ind. No. 504/18)

[*1]The People of the State of New York, respondent,
v
Quanne Tomlinson, appellant.


Patrick Michael Megaro, Forest Hills, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jared A. Chester of counsel; Valeriia Golubchik on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), rendered July 25, 2018, convicting him of criminal contempt in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (see CPL 220.60[3]; People v Caruso, 88 AD3d 809, 809). Such a motion "must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea" (People v De Jesus, 199 AD2d 529, 530). "Only in rare instances will a defendant be entitled to an evidentiary hearing upon a motion to withdraw a plea of guilty" (People v Smith, 54 AD3d 879, 880; see CPL 220.60[3]; People v Caruso, 88 AD3d at 809). "[W]hen a motion to withdraw a plea is patently insufficient on its face, a court may simply deny the motion without making any inquiry" (People v Mitchell, 21 NY3d 964, 967). Here, the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Boria, 157 AD3d 811, 812). Moreover, because the defendant's conclusory claim of possible innocence was patently insufficient on its face, the Supreme Court providently exercised its discretion in summarily denying his motion to withdraw his plea (see People v Mitchell, 21 NY3d at 967; People v Lopez-Perez, 128 AD3d 1093).
BALKIN, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court