People v Perez (2020 NY Slip Op 05698)





People v Perez


2020 NY Slip Op 05698


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Webber, J.P., Mazzarelli, Oing, Shulman, JJ. 


Ind No. 2416/16 Appeal No. 12024 Case No. 2017-2143 

[*1]The People of the State of New York, Respondent,
v
Jose Perez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant. 
Cyrus R. Vance, Jr. District Attorney, New York (Michael J. Yetter of counsel), for respondent. 



Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered November 23, 2016, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.
The court was under no obligation to appoint new counsel, sua sponte, at sentencing. While defendant claims his attorney took an adverse position on defendant's plea withdrawal motion (see People v Mitchell, 21 NY3d 964 [2013]), defendant made no motion to withdraw his guilty plea. Although, in a statement to the Department of Probation, defendant expressed a desire to withdraw his plea, at sentencing he stated that he wished to proceed with the plea.
The record does not substantiate defendant's claim that the court treated defendant's statement in the presentence report as a plea withdrawal motion, and then denied it. On the contrary, the court asked defendant what his position was, and defendant unequivocally replied that he wanted the plea to stand. The record also fails to support defendant's assertion that it was the comments of counsel and the court that led defendant to abandon his desire to withdraw his plea.
Counsel's remarks at the outset of the sentencing proceeding were an innocuous expression of surprise that according to the presentence report, defendant was dissatisfied with the plea. These remarks did not disparage defendant's prior stated interest during his interview with probation in withdrawing his plea (see People v Nelson, 7 NY3d 883, 884 [2006]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020