People v Anonymous (2021 NY Slip Op 01008)





People v Anonymous


2021 NY Slip Op 01008


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Gische, J.P., Moulton, González, Scarpulla, JJ. 


Ind No. 4771/09 Appeal No. 13117 Case No. 2016-870 

[*1]The People of the State of New York, Respondent,
v
Anonymous, Defendant-Appellant.


Law Office of Ronald L. Kuby, New York (Rhidaya Trivedi of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Marianne Stracquadanio of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Megan Tallmer, J.), rendered September 12, 2013, convicting defendant, upon his plea of guilty, of predatory sexual assault and criminal sexual act in the first degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.
Defendant, who moved to withdraw his plea on other grounds. did not preserve his claim that his guilty plea was involuntary and unknowing because the plea court made an unfulfillable promise (see People v Williams, 27 NY3d 212 [2016]). We reject defendant's arguments on the issue of preservation, and we decline to review defendant's claim in the interest of justice. As an alternative holding, we reject it on the merits. The record establishes that defendant voluntarily pleaded guilty, in accordance with a fair and enforceable cooperation agreement. Had defendant continued to provide satisfactory cooperation with state and federal authorities, he would have been permitted to withdraw his plea of guilty to predatory sexual assault, and would have been sentenced to 11 years on the remaining count. The provision that the sentence would run concurrently with any sentence that might be imposed in federal court on the same matter and would be served in federal custody was not unfulfillable, as defendant claims. It had been contemplated that defendant would be prosecuted for federal crimes arising out of the underlying incident. The promise could have been fulfilled had defendant been sentenced to federal custody before being sentenced in state court. However, there was no guarantee that there would actually be a federal prosecution, and ultimately there was none. Under the terms of the agreement, the absence of a federal sentence simply rendered inapplicable the court's promise relating to the effect of such a sentence had there been one, leaving the remainder of the cooperation agreement intact.
Defendant's various attorneys provided effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant asserts that the attorney who represented him at the time of the plea should have realized that the above-discussed promise was "unfulfillable," and also asserts that his subsequent attorneys should have included this ground in moving to withdraw the plea. However, as we have determined, the promise was not unfulfillable. We also find unavailing defendant's challenge to the affirmation submitted by plea counsel, after he was no longer representing defendant, which was properly offered to explain his performance in response to defendant's motion (see People v Mitchell, 21 NY3d 964, 967 [2013]).
The court correctly determined that defendant violated the cooperation agreement, and it providently exercised its discretion in imposing sentence accordingly (see generally People v Jenkins, 11 NY3d 282 [2008]). The record fails to support defendant's explanations for his [*2]failure to provide the required cooperation.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021