People v McEnaney (2025 NY Slip Op 05480)

People v McEnaney

2025 NY Slip Op 05480

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Michael, Hagler, JJ. 

Ind. No. 70297/22|Appeal No. 4882|Case No. 2024-01428|

[*1]The People of the State of New York, Respondent,
v
Steven McEnaney, Defendant-Appellant.

Law Office of Lawrence P. LaBrew, New York (Lawrence LaBrew of councel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Addison Eisley of counsel), for respondent.

Judgment, Supreme Court, New York County (Felicia A. Mennin, J.), rendered February 29, 2024, convicting defendant, upon his guilty plea, of promoting prostitution in the third degree, and sentencing him, to a jail term of four months to run concurrently with five years of probation, unanimously affirmed.
Defendant's contention that his counsel rendered ineffective assistance due to a failure to investigate the facts and law of the case, to file specific motions, and to include defendant at material stages of the trial is unreviewable on direct appeal because it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion (see e.g. People v Rivera, 71 NY2d 705, 709 [1988]; People v Sargsyan, 71 AD3d 401 [1st Dept 2010]; People v Bello, 23 AD3d 152, 153 [1st Dept 2005]).
To the extent the existing record permits review, defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 712-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant failed to show that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived him of a fair trial or affected the outcome of the case. In particular, the favorable nature of the plea bargain demonstrates that defendant received effective assistance (see People v Mitchell, 89 AD3d 628, 628 [1st Dept 2011], affd 21 NY3d 964 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025