◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FULMORE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered January 9, 1992, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the court should have conducted an inquiry when the defendant indicated on the original sentencing date that he was unaware of what was happening at the time his plea was taken. The decision to permit the withdrawal of a plea of guilty rests within the sound discretion of the court (see, CPL 220.60 [3]; People v Burgos, 177 AD2d 587; People v Dickerson, 163 AD2d 610). The defendant's unsupported conclusory allegation that he did not know what was happening during the plea proceedings did not warrant a probing inquiry by the court. The

record clearly reveals that the defendant knowingly, intelligently, and voluntarily pleaded guilty to burglary in the second degree, upon the advice of counsel, and in so doing secured a favorable sentence *(see, People v Harris,* 61 NY2d 9). Accordingly, it was not an improvident exercise of the court's discretion to deny the defendant's application to withdraw his plea without a hearing.

We also reject the defendant's contention that he was coerced into taking a plea because the court incorrectly informed him as to the possible sentences he could receive if he proceeded to trial. Although the court did not give a complete description of the minimum and maximum sentences facing the defendant should he proceed to trial, the court made a correct statement of law by stating that, as a potential persistent felony offender, the defendant was facing 15 years to life imprisonment *(see,* Penal Law § 70.08 [2], [3] [b]). Accordingly, the defendant was not materially misled.

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.