People v Gizowski (2020 NY Slip Op 02392)





People v Gizowski


2020 NY Slip Op 02392


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND BANNISTER, JJ.


51 KA 18-01104

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY J. GIZOWSKI, DEFENDANT-APPELLANT.






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
PATRICK E. SWANSON, DISTRICT ATTORNEY, MAYVILLE (JOHN C. ZUROSKI OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Chautauqua County Court (Susan M. Eagan, A.J.), rendered March 20, 2018. The judgment convicted defendant, upon his plea of guilty, of attempted aggravated assault upon a police officer or a peace officer. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted aggravated assault upon a police officer or a peace officer (Penal Law §§ 110.00, 120.11), defendant contends that County Court erred both in denying his motion to withdraw his guilty plea and in refusing to assign him a new lawyer in connection with that motion. Preliminarily, because defendant's appellate contentions would survive even a valid, unrestricted waiver of the right to appeal (see People v Truitt, 170 AD3d 1591, 1591-1592 [4th Dept 2019], lv denied 33 NY3d 1036 [2019]; see also People v Weinstock, 129 AD3d 1663, 1663-1664 [4th Dept 2015], lv denied 26 NY3d 1012 [2015]), we need not consider his challenge to the validity of that waiver.
We reject defendant's contentions on the merits. "[P]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (People v Williams, 170 AD3d 1666, 1666 [4th Dept 2019] [internal quotation marks omitted]). Here, defendant's unsubstantiated allegations of injustice and police misconduct are conclusory and belied by his own sworn statements at the plea colloquy. The court thus did not abuse its discretion in denying defendant's motion to withdraw his plea (see People v Jackson, 170 AD3d 1040, 1040-1041 [2d Dept 2019], lv denied 33 NY3d 1070 [2019]; Truitt, 170 AD3d at 1592; Williams, 170 AD3d at 1667). Defendant did not seek to vacate his plea on the ground of ineffective assistance of counsel, and his appellate contention that vacatur is warranted on that basis is therefore unpreserved for our review (see People v Frazier, 63 AD3d 1633, 1633-1634 [4th Dept 2009], lv denied 12 NY3d 925 [2009]).
Contrary to defendant's further contention, the court was not obligated to ask more probing questions regarding his motion to withdraw the guilty plea or to conduct an evidentiary hearing on the motion. "Only in the rare instance will a defendant be entitled to an evidentiary hearing" on a motion to withdraw a guilty plea, and this matter falls within the category of cases in which "a limited interrogation by the court will suffice" (People v Tinsley, 35 NY2d 926, 927 [1974]; see Truitt, 170 AD3d at 1592; People v Fulmore, 189 AD2d 823, 823 [2d Dept 1993]). 
Finally, because defense counsel did not take a position adverse to defendant and the record does not reveal any good cause for the appointment of a new attorney, the court did not err in denying defendant's request to substitute counsel in connection with defendant's motion to withdraw his plea (see People v Puccini, 145 AD3d 1107, 1109 [3d Dept 2016], lv denied 29 [*2]NY3d 1035 [2017]; People v Bethany, 144 AD3d 1666, 1669 [4th Dept 2016], lv denied 29 NY3d 996 [2017], cert denied — US &mdash, 138 S Ct 1571 [2018]).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court