People v Brooks (2020 NY Slip Op 05387)





People v Brooks


2020 NY Slip Op 05387


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


799 KA 17-01700

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARCELL BROOKS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered July 28, 2017. The judgment convicted defendant upon his plea of guilty of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of assault in the first degree (Penal Law § 120.10 [3]), defendant contends and the People correctly concede that his waiver of the right to appeal is invalid because Supreme Court "mischaracterized it as an 'absolute bar' to the taking of an appeal" (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US — [Mar. 30, 2020]). We note that the better practice is for the court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (id. [internal quotation marks omitted]). Nevertheless, we reject defendant's contention that the court erred in refusing to suppress his written statement to the police. It is well settled that a statement given freely and voluntarily is admissible in evidence (see Miranda v Arizona, 384 US 436, 478 [1966]). Here, we conclude that defendant's statement was not the product of custodial interrogation because a reasonable person, innocent of any crime, would not have thought that he or she was in police custody (see People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]; People v Hernandez, 181 AD3d 530, 530-531 [1st Dept 2020], lv denied 35 NY3d 1066 [2020]; People v Bell-Scott, 162 AD3d 1558, 1559 [4th Dept 2018], lv denied 32 NY3d 1169 [2019]). The Huntley hearing testimony established that defendant entered the police station of his own accord without being accompanied by a police officer and waited in the lobby for a detective to arrive. He was not handcuffed, nor was he subjected to accusatory questioning.
Defendant further contends that, inasmuch as the record of the plea colloquy does not establish that he understood the plea colloquy or the consequences of the plea, the court abused its discretion in denying that part of his motion seeking to withdraw his plea on the ground of involuntariness. Defendant, however, "failed to preserve his contention for our review by failing to move to withdraw his guilty plea or to vacate the judgment of conviction on that ground" (People v Lawrence, 118 AD3d 1501, 1501 [4th Dept 2014], lv denied 24 NY3d 1220 [2015]). Furthermore, the exception to the preservation doctrine does not apply because this is not one of those rare cases in which "defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666 [1988]). To the extent that defendant contends that he was deprived of a reasonable opportunity to advance his argument in support of his request to withdraw the guilty plea, we reject his contention. The court properly denied the motion without any inquiry because defendant's affidavit in support of his motion was conclusory, and thus the motion was "patently insufficient on its face" (People v Mitchell, 21 NY3d 964, 967 [2013]; cf. People v Henderson, 137 AD3d 1670, 1671 [4th Dept 2016]).
Finally, the sentence is not unduly harsh or severe.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court