People v Pace (2022 NY Slip Op 00529)





People v Pace


2022 NY Slip Op 00529


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


1 KA 18-01053

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAMAR M. PACE, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered May 5, 2017. The judgment convicted defendant upon a plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). Defendant contends and the People correctly concede that his waiver of the right to appeal is invalid because Supreme Court's oral colloquy and the written waiver of the right to appeal "mischaracterized [the waiver] as an 'absolute bar' to the taking of an appeal" (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]). We note that the better practice is for the court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (People v Brooks, 187 AD3d 1587, 1588 [4th Dept 2020], lv denied 36 NY3d 1049 [2021] [internal quotation marks omitted]). We nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court