People v Alexander (2022 NY Slip Op 01641)





People v Alexander


2022 NY Slip Op 01641


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ.


95 KA 19-01449

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAWANZA ALEXANDER, DEFENDANT-APPELLANT. 






JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered January 28, 2019. The judgment convicted defendant upon a plea of guilty of rape in the first degree and rape in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon an Alford plea of rape in the first degree (Penal Law § 130.35 [1]) and rape in the third degree (§ 130.25 [3]), defendant contends that Supreme Court abused its discretion in summarily denying his request to withdraw his plea. We reject that contention.
"[P]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea . . . Furthermore, a court does not abuse its discretion in denying a motion to withdraw a guilty plea where the defendant's allegations in support of the motion are belied by the defendant's statements during the plea proceeding" (People v Crosby, 195 AD3d 1602, 1603 [4th Dept 2021], lv denied 37 NY3d 1026 [2021] [internal quotation marks omitted]; see People v Lewicki, 118 AD3d 1328, 1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]).
Here, both defense counsel and the court reviewed the terms of the plea offer with defendant in detail, including the period of postrelease supervision, and "defendant repeatedly confirmed that he understood" them (Lewicki, 118 AD3d at 1329; see People v Smith, 123 AD3d 950, 950-951 [2d Dept 2014], lv denied 25 NY3d 953 [2015]; People v Johnson, 97 AD3d 695, 696 [2d Dept 2012], lv denied 19 NY3d 1026 [2012]; cf. People v Walton, 177 AD3d 786, 787 [2d Dept 2019]). Moreover, "[w]here a sentencing court keeps the promises it made at the time it accepted a plea of guilty, a defendant should not be permitted to withdraw his [or her] plea on the sole ground that he [or she] misinterpreted the agreement. Compliance with a plea bargain is to be tested against an objective reading of the bargain, and not against a defendant's subjective interpretation thereof" (People v Cataldo, 39 NY2d 578, 580 [1976]; see People v Guillory, 81 AD3d 1394, 1395 [4th Dept 2011], lv denied 16 NY3d 895 [2011]).
Defendant additionally contends that the court erred in failing to hold a hearing on his request to withdraw his plea. We reject that contention as well. It is well settled that, "in considering a motion to withdraw a guilty plea, a hearing is required only in rare instances" (People v Osborn, 198 AD3d 1363, 1364 [4th Dept 2021], lv denied — NY3d — [2022]), and here defendant "was afforded a reasonable opportunity to present his contentions such that the court was able to make an informed determination" (id.; see also People v Stafford, 195 AD3d 1466, 1467 [4th Dept 2021], lv denied 37 NY3d 1029 [2021]; see generally People v Tinsley, 35 NY2d 926, 927 [1974]).
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court