People v Weems (2022 NY Slip Op 01920)





People v Weems


2022 NY Slip Op 01920


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


200 KA 17-01373

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MONTIEZ L. WEEMS, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered April 5, 2017. The judgment convicted defendant upon a plea of guilty of burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20), we reject defendant's contention that County Court erred in denying without an evidentiary hearing his pro se motion to withdraw his guilty plea. "Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice. The defendant should be afforded [a] reasonable opportunity to present his [or her] contentions and the court should be enabled to make an informed determination" (People v Tinsley, 35 NY2d 926, 927 [1974]; see People v Strasser, 83 AD3d 1411, 1411 [4th Dept 2011]). Here, the record establishes that defendant was afforded such an opportunity and that the court was able to make an informed determination of the motion (see People v Soriano, 178 AD3d 1376, 1377 [4th Dept 2019], lv denied 34 NY3d 1163 [2020]). Contrary to defendant's related contention, the court did not abuse its discretion in failing to substitute new counsel (see People v Weinstock, 129 AD3d 1663, 1664 [4th Dept 2015], lv denied 26 NY3d 1012 [2015]).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court