People v Floyd (2022 NY Slip Op 06615)

People v Floyd

2022 NY Slip Op 06615

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

892 KA 18-01790

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEREK Y. FLOYD, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered July 19, 2018. The judgment convicted defendant, upon a plea of guilty, of grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of grand larceny in the fourth degree (Penal Law § 155.30 [1]), defendant contends that County Court erred in summarily denying his request to withdraw his guilty plea. Preliminarily, because that contention would survive even a valid waiver of the right to appeal, we need not consider defendant's challenge to the validity of the waiver (see People v Thomas, 34 NY3d 545, 558 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Roots, 201 AD3d 1364, 1365 [4th Dept 2022]; People v Gizowski, 182 AD3d 989, 989 [4th Dept 2020], lv denied 35 NY3d 1027 [2020]).
Although defendant preserved his contention for our review by seeking to withdraw his plea on essentially the same grounds as those advanced on appeal (see People v Johnson, 23 NY3d 973, 975 [2014]; People v Bovio, 206 AD3d 1568, 1568-1569 [4th Dept 2022]), we reject it on the merits. "[P]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of discretion unless there is some evidence of innocence, fraud, or mistake in inducing a plea" (People v Alexander, 203 AD3d 1569, 1570 [4th Dept 2022], lv denied 38 NY3d 1031 [2022] [internal quotation marks omitted]). Furthermore,
" '[o]nly in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice. The defendant should be afforded [a] reasonable opportunity to present his [or her] contentions and the court should be enabled to make an informed determination' " (People v Harris, 206 AD3d 1711, 1711-1712 [4th Dept 2022], lv denied 38 NY3d 1188 [2022], quoting People v Tinsley, 35 NY2d 926, 927 [1974]; see People v Weems, 203 AD3d 1684, 1684 [4th Dept 2022], lv denied 38 NY3d 1036 [2022]). "[W]hen a motion to withdraw a plea is patently insufficient on its face, a court may simply deny the motion" (People v Mitchell, 21 NY3d 964, 967 [2013]; see People v Brooks, 187 AD3d 1587, 1589 [4th Dept 2020], lv denied 36 NY3d 1049 [2021]). Moreover, "a court does not abuse its discretion in denying a motion to withdraw a guilty plea where the defendant's allegations in support of the motion are belied by the defendant's statements during the plea proceeding" (People v Fox, 204 AD3d 1452, 1453 [4th Dept 2022] [internal quotation marks omitted]; see Alexander, 203 AD3d at 1570).
Here, defendant was provided with a reasonable opportunity to present his contentions in support of his request to withdraw the plea. However, defendant's conclusory and unsubstantiated assertions that he was innocent, under duress, and dissatisfied with defense [*2]counsel's representation were belied by the statements that he made during the plea colloquy, and therefore his request was patently without merit (see Fox, 204 AD3d at 1453; People v Riley, 182 AD3d 998, 998-999 [4th Dept 2020], lv denied 35 NY3d 1069 [2020], reconsideration denied 36 NY3d 931 [2020]; People v Lewicki, 118 AD3d 1328, 1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]). We therefore perceive no abuse of discretion in the court's summary denial of defendant's request to withdraw his plea (see Alexander, 203 AD3d at 1570; Gizowski, 182 AD3d at 989-990).
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court