People v Burden (2023 NY Slip Op 03140)

People v Burden

2023 NY Slip Op 03140

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

468 KA 22-00256

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEONARD BURDEN, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered November 10, 2021. The judgment convicted defendant upon a plea of guilty of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that County Court erred in summarily denying his motion to withdraw his guilty plea based on his claim of innocence. Preliminarily, because that contention would survive even a valid waiver of the right to appeal, we need not consider defendant's challenge to the validity of the waiver (see People v Walcott, 164 AD3d 1593, 1593 [4th Dept 2018], lv denied 32 NY3d 1116 [2018]; People v Colon, 122 AD3d 1309, 1309-1310 [4th Dept 2014], lv denied 25 NY3d 1200 [2015]; People v Sparcino, 78 AD3d 1508, 1509 [4th Dept 2010], lv denied 16 NY3d 746 [2011]).
"When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116 [2010]; see People v Tinsley, 35 NY2d 926, 927 [1974]). " '[O]ften a limited interrogation by the court will suffice. The defendant should be afforded [a] reasonable opportunity to present [their] contentions and the court should be enabled to make an informed determination' " (People v Harris, 206 AD3d 1711, 1712 [4th Dept 2022], lv denied 38 NY3d 1188 [2022], quoting Tinsley, 35 NY2d at 927). "[W]hen a motion to withdraw a plea is patently insufficient on its face, a court may simply deny the motion" (People v Mitchell, 21 NY3d 964, 967 [2013]; see People v Brooks, 187 AD3d 1587, 1589 [4th Dept 2020], lv denied 36 NY3d 1049 [2021]).
Defendant's conviction arose from an incident in which he struck the victim in the head with a baseball bat, causing the victim to sustain a concussion and requiring 11 staples in her head. Defendant admitted during the plea colloquy that he struck the victim with a baseball bat, causing physical injury to her. In support of his motion to withdraw the plea, defendant submitted the affidavit of a neighbor of the victim, who averred that the victim said that she "busted [herself] in the head." In opposition to the motion, the People submitted a supporting deposition of the victim denying that she made any such statement to the neighbor. We conclude that this case does not present one of the "rare instance[s]" where a hearing was required (Tinsley, 35 NY2d at 927), and that the court did not abuse its discretion in summarily denying the motion. The notion that the victim struck herself in the head with a baseball bat was incredible and properly rejected by the court (see generally Sparcino, 78 AD3d at 1509).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court