People v Janes (2023 NY Slip Op 04077)

People v Janes

2023 NY Slip Op 04077

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

579 KA 22-00444

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ARTHUR M. JANES, DEFENDANT-APPELLANT. 

TIMOTHY J. BRENNAN, AUBURN, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered January 20, 2022. The judgment convicted defendant upon his plea of guilty of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [12]). We affirm.
Defendant contends that his guilty plea was not knowingly, intelligently, and voluntarily entered and that County Court abused its discretion in denying his motion to withdraw his plea without first conducting a hearing. We reject defendant's contention that the court should have conducted a hearing on his motion (see People v Harris, 206 AD3d 1711, 1711-1712 [4th Dept 2022], lv denied 38 NY3d 1188 [2022]; see generally People v Mitchell, 21 NY3d 964, 967 [2013]). Contrary to defendant's further contention, the court properly denied his motion. Defendant's contention that his plea was not knowing, intelligent, or voluntary because of coercion and innocence is based on conclusory and unsubstantiated statements made by defendant and defense counsel at sentencing and is belied by the plea colloquy, wherein defendant admitted his guilt and stated, inter alia, that he was fully advised of the consequences of his plea, that he was confident in his attorney's abilities, and that he was not coerced into entering the plea (see People v Fox, 204 AD3d 1452, 1453 [4th Dept 2022], lv denied 39 NY3d 940 [2022]; People v Alexander, 203 AD3d 1569, 1570 [4th Dept 2022], lv denied 38 NY3d 1031 [2022]; People v Garcia, 203 AD3d 1585, 1586 [4th Dept 2022], lv denied 38 NY3d 1133 [2022]). We reject defendant's contention that the court's statements during the plea colloquy regarding the possible sentences that could be imposed if he were convicted after trial were coercive inasmuch as those statements were merely "a proper explanation of defendant's sentence exposure in the event that defendant chose not to plead guilty" (People v Boyd, 101 AD3d 1683, 1683 [4th Dept 2012] [internal quotation marks omitted]; see People v Ross, 117 AD3d 1342, 1343 [3d Dept 2014]).
Contrary to defendant's further contention, we conclude that the court did not abuse its discretion in denying his request for an adjournment of sentencing to give defense counsel the opportunity to file a written motion to withdraw the plea (see People v Shanley, 189 AD3d 2108, 2108 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]; see generally People v Spears, 24 NY3d 1057, 1059-1060 [2014]; People v Howard, 210 AD3d 1383, 1384-1385 [4th Dept 2022], lv denied 39 NY3d 1111 [2023]).
Finally, contrary to defendant's contention, we conclude that the bargained-for sentence is not unduly harsh or severe.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court