People v Parish (2023 NY Slip Op 05053)

People v Parish

2023 NY Slip Op 05053

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, OGDEN, AND DELCONTE, JJ.

595 KA 22-00998

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREGORY P. PARISH, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered June 9, 2022. The judgment convicted defendant, upon a plea of guilty, of criminal contempt in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal Nos. 1 and 2, defendant appeals from respective judgments convicting him, upon his plea of guilty, of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]). Defendant waived his right to appeal in appeal No. 2, but did not do so in appeal No. 1.
In both appeals, defendant contends that County Court abused its discretion in denying his motion to, inter alia, withdraw his pleas of guilty because he had not taken his prescribed medication at the time he entered his pleas and, therefore, his pleas were not knowing, voluntary, and intelligent. We reject that contention. "[P]ermission to withdraw a guilty plea rests solely within the court's discretion
. . . , and refusal to permit withdrawal does not constitute an abuse of discretion unless there is some evidence of innocence, fraud, or mistake in inducing [a] plea" (People v Floyd, 210 AD3d 1530, 1530 [4th Dept 2022], lv denied 39 NY3d 1072 [2023] [internal quotation marks omitted]). Furthermore, where "a motion to withdraw a plea is patently insufficient on its face, a court may simply deny the motion" (People v Mitchell, 21 NY3d 964, 967 [2013]; see Floyd, 210 AD3d at 1531), and "a court does not abuse its discretion in denying a motion to withdraw a guilty plea where the defendant's allegations in support of the motion are belied by the defendant's statements during the plea proceeding" (People v Fox, 204 AD3d 1452, 1453 [4th Dept 2022], lv denied 39 NY3d 940 [2022] [internal quotation marks omitted]). Here, defendant's belated and unsubstantiated assertion that the pleas were the result "of a failure to take prescribed medication is insufficient to support [that part of his] motion to withdraw [the] plea[s]" (People v Hunt, 188 AD3d 1648, 1649 [4th Dept 2020], lv denied 36 NY3d 1097 [2021]; see People v Hayes, 39 AD3d 1173, 1175 [4th Dept 2007], lv denied 9 NY3d 923 [2007]). In addition, the record of defendant's plea proceedings establishes that "defendant understood both the nature of the proceedings and that he was waiving various rights" (Hayes, 39 AD3d at 1175; see People v Alexander, 97 NY2d 482, 486 [2002]; People v Watson, 169 AD3d 1526, 1528 [4th Dept 2019], lv denied 33 NY3d 982 [2019]).
Even assuming, arguendo, that defendant did not validly waive his right to appeal in appeal No. 2, we nevertheless reject defendant's contention in both appeals that his sentences are unduly harsh and severe.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court