People v Figueroa (2024 NY Slip Op 00555)

People v Figueroa

2024 NY Slip Op 00555

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND NOWAK, JJ.

976 KA 18-02137

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERICK O. FIGUEROA, ALSO KNOWN AS OMAR FIGUEROA, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER, (JONATHAN GARVIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered December 19, 2017. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of murder in the second degree (Penal Law
§ 125.25 [1]). We affirm.
Preliminarily, we agree with defendant, and the People correctly concede, that his waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). However, defendant failed to preserve for our review his challenges to the validity of his plea because he did not move to withdraw the plea or to vacate the judgment of conviction (see generally People v Shanley, 189 AD3d 2108, 2108 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]). Moreover, we conclude that this case does not fall within the narrow exception to the preservation requirement that applies where "the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" and the court accepts the plea without further inquiry (People v Lopez, 71 NY2d 662, 666 [1988]; see generally People v Worden, 22 NY3d 982, 985 [2013]; People v Busch-Scardino, 158 AD3d 988, 988-989 [3d Dept 2018]). Although defendant's initial statements during the factual allocution may have negated an essential element of the offense, upon additional inquiry "his further statements removed any doubt" about his guilt (People v Trinidad, 23 AD3d 1060, 1061 [4th Dept 2005], lv denied 6 NY3d 760 [2005]).
Finally, although defendant failed to preserve for our review his contention that the court's statements during the plea colloquy regarding the possible sentences that could be imposed if he were convicted after trial were coercive, we exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). We nonetheless conclude that defendant's contention lacks merit because "those statements were merely 'a proper explanation of defendant's sentence exposure in the event that defendant chose not to plead guilty' " (People v Janes, 218 AD3d 1367, 1367-1368 [4th Dept 2023], lv denied 40 NY3d 1013 [2023]; see People v Boyd, 101 AD3d 1683, 1683 [4th Dept 2012]).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court