People v Richardson (2024 NY Slip Op 00699)

People v Richardson

2024 NY Slip Op 00699

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ.

37 KA 18-01922

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BEUFORD T. RICHARDSON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered May 9, 2018. The judgment convicted defendant upon a plea of guilty of course of sexual conduct against a child in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [a]), defendant contends that County Court erred in summarily denying his motion to withdraw his guilty plea based on his claims that he was innocent and that he was coerced into pleading guilty. Preliminarily, because that contention would survive even a valid waiver of the right to appeal, we need not consider defendant's challenge to the validity of the waiver (see People v Burden, 217 AD3d 1422, 1422-1423 [4th Dept 2023], lv denied 40 NY3d 950 [2023]; People v Truitt, 170 AD3d 1591, 1591-1592 [4th Dept 2019], lv denied 33 NY3d 1036 [2019]; People v Colon, 122 AD3d 1309, 1309-1310 [4th Dept 2014], lv denied 25 NY3d 1200 [2015]).
We reject defendant's contention that the court erred in summarily denying the motion. Defendant's motion was based on his conclusory and wholly unsubstantiated claims of coercion and innocence, which were belied by the plea colloquy in which defendant admitted his guilt and stated, inter alia, that he was fully advised of the consequences of the plea, that he was confident in his attorney's abilities, and that he was not coerced into entering the plea (see People v Fox, 204 AD3d 1452, 1453 [4th Dept 2022], lv denied 39 NY3d 940 [2022]; People v Alexander, 203 AD3d 1569, 1570 [4th Dept 2022], lv denied 38 NY3d 1031 [2022]; People v Garcia, 203 AD3d 1585, 1586 [4th Dept 2022], lv denied 38 NY3d 1133 [2022]). Inasmuch as the motion was "patently insufficient on its face," the court properly denied it without conducting a hearing (People v Mitchell, 21 NY3d 964, 967 [2013]; see Burden, 217 AD3d at 1423; People v Harris, 206 AD3d 1711, 1711-1712 [4th Dept 2022], lv denied 38 NY3d 1188 [2022]).
Finally, we note that the certificate of conviction does not reflect defendant's status as a second felony offender, and it must be amended accordingly (see People v Schlifke, 210 AD3d 1518, 1519 [4th Dept 2022], lv denied 39 NY3d 1080 [2023]; People v Southard, 163 AD3d 1461, 1462 [4th Dept 2018]).
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court