People v Ney (2024 NY Slip Op 03972)

People v Ney

2024 NY Slip Op 03972

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DELCONTE, KEANE, AND HANNAH, JJ.

451 KA 23-00294

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARNELL A. NEY, DEFENDANT-APPELLANT. 

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
VINCENT A. HEMMING, ACTING DISTRICT ATTORNEY, WARSAW, FOR RESPONDENT. 

 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered November 21, 2022. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree and attempted rape in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal contempt in the first degree (Penal Law
§ 215.51 [c]) and attempted rape in the third degree (§§ 110.00, 130.25 [3]), defendant contends that County Court abused its discretion in denying his motion to withdraw his plea. We reject that contention.
"[P]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing [a] plea" (People v Alexander, 203 AD3d 1569, 1570 [4th Dept 2022], lv denied 38 NY3d 1031 [2022] [internal quotation marks omitted]). Furthermore, " '[o]nly in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice. The defendant should be afforded [a] reasonable opportunity to present his [or her] contentions and the court should be enabled to make an informed determination' " (People v Harris, 206 AD3d 1711, 1711-1712 [4th Dept 2022], lv denied 38 NY3d 1188 [2022], quoting People v Tinsley, 35 NY2d 926, 927 [1974]; see People v Weems, 203 AD3d 1684, 1684 [4th Dept 2022], lv denied 38 NY3d 1036 [2022]). "[W]hen a motion to withdraw a plea is patently insufficient on its face, a court may simply deny the motion" (People v Mitchell, 21 NY3d 964, 967 [2013]; see People v Brooks, 187 AD3d 1587, 1589 [4th Dept 2020], lv denied 36 NY3d 1049 [2021]). Moreover, "a court does not abuse its discretion in denying a motion to withdraw a guilty plea where the defendant's allegations in support of the motion are belied by the defendant's statements during the plea proceeding" (People v Fox, 204 AD3d 1452, 1453 [4th Dept 2022], lv denied 39 NY3d 940 [2022] [internal quotation marks omitted]; see Alexander, 203 AD3d at 1570).
Here, defendant was provided with a reasonable opportunity to present his contentions in support of his request to withdraw the plea. However, defendant's conclusory and unsubstantiated assertions that he was innocent and pleaded guilty due to defense counsel's inadequate representation were belied by the statements that defendant made during the plea colloquy, and therefore his request was patently without merit (see Fox, 204 AD3d at 1453; People v Riley, 182 AD3d 998, 998-999 [4th Dept 2020], lv denied 35 NY3d 1069 [2020], reconsideration denied 36 NY3d 931 [2020]; People v Lewicki, 118 AD3d 1328, 1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]). We thus perceive no abuse of discretion in the court's summary denial of defendant's request to withdraw his plea (see Alexander, 203 AD3d at 1570; People v Gizowski, 182 AD3d 989, 990 [4th Dept 2020], lv denied 35 NY3d 1027 [2020]).
Defendant further contends that the enhanced sentence imposed following his violation of the terms of the plea agreement is unduly harsh and severe. Defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Benjamin, 216 AD3d 1457, 1457 [4th Dept 2023]) and, because the court advised defendant of the maximum sentence that could be imposed if he violated the plea agreement, that waiver encompasses his challenge to the severity of the enhanced sentence (see People v VanDeViver, 56 AD3d 1118, 1119 [4th Dept 2008], lv denied 11 NY3d 931 [2009], reconsideration denied 12 NY3d 788 [2009]; cf. People v Johnson, 14 NY3d 483, 487 [2010]; see also People v Espino, 279 AD2d 798, 800 [3d Dept 2001]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court