People v Hoose (2025 NY Slip Op 01436)

People v Hoose

2025 NY Slip Op 01436

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

1 KA 22-01170

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROCKIE J. HOOSE, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN (RICHARD SULLIVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Yates County Court (Jason L. Cook, J.), rendered May 3, 2022. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals, in appeal No. 1, from a judgment convicting him, upon a plea of guilty, of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) and, in appeal No. 2, from a judgment convicting him, upon a plea of guilty, of assault in the second degree (§ 120.05 [7]).
In appeal No. 1, defendant contends that County Court abused its discretion in denying his motion to withdraw his plea. We reject that contention. "[P]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing [a] plea" (People v Alexander, 203 AD3d 1569, 1570 [4th Dept 2022], lv denied 38 NY3d 1031 [2022] [internal quotation marks omitted]). Furthermore, " '[o]nly in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice. The defendant should be afforded [a] reasonable opportunity to present [their] contentions and the court should be enabled to make an informed determination' " (People v Harris, 206 AD3d 1711, 1711-1712 [4th Dept 2022], lv denied 38 NY3d 1188 [2022], quoting People v Tinsley, 35 NY2d 926, 927 [1974]; see People v Weems, 203 AD3d 1684, 1684 [4th Dept 2022], lv denied 38 NY3d 1036 [2022]). "[W]hen a motion to withdraw a plea is patently insufficient on its face, a court may simply deny the motion" (People v Mitchell, 21 NY3d 964, 967 [2013]; see People v Brooks, 187 AD3d 1587, 1589 [4th Dept 2020], lv denied 36 NY3d 1049 [2021]). Moreover, "a court does not abuse its discretion in denying a motion to withdraw a guilty plea where the defendant's allegations in support of the motion are belied by the defendant's statements during the plea proceeding" (People v Fox, 204 AD3d 1452, 1453 [4th Dept 2022], lv denied 39 NY3d 940 [2022] [internal quotation marks omitted]; see Alexander, 203 AD3d at 1570).
Here, defendant was provided with a reasonable opportunity to present his contentions in support of his motion to withdraw the plea. However, defendant's conclusory and unsubstantiated assertions that he pleaded guilty due to pressure or inadequate representation from defense counsel were belied by the statements that defendant made during the plea colloquy, and therefore his request was patently without merit (see People v Riley, 182 AD3d 998, 998-999 [4th Dept 2020], lv denied 35 NY3d 1069 [2020], reconsideration denied 36 NY3d 931 [2020]; People v Lewicki, 118 AD3d 1328, 1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]; see also Fox, 204 AD3d at 1453). We thus perceive no abuse of discretion in the court's [*2]summary denial of defendant's motion to withdraw his plea (see Alexander, 203 AD3d at 1570; People v Gizowski, 182 AD3d 989, 990 [4th Dept 2020], lv denied 35 NY3d 1027 [2020]).
In both appeals, defendant contends that the respective waivers of the right to appeal were invalid. We reject those contentions. Here, the record establishes that defendant's waiver of the right to appeal was knowing, voluntary, and intelligent in each of the plea proceedings (see People v Cunningham, 213 AD3d 1270, 1270 [4th Dept 2023], lv denied 39 NY3d 1110 [2023]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), and we note that the court used the appropriate model colloquy with respect to the waiver of the right to appeal during both colloquies (see generally Thomas, 34 NY3d at 567; People v Osgood, 210 AD3d 1426, 1427 [4th Dept 2022], lv denied 39 NY3d 1079 [2023]). To the extent that defendant contends that the written waiver forms executed by defendant were defective because they omitted certain information contained in the model colloquy, the two separate oral colloquies, each of which followed the appropriate model colloquy, "cured that [alleged] defect" (People v Clark, 221 AD3d 1550, 1551 [4th Dept 2023]; see People v Yeara, 227 AD3d 1517, 1518 [4th Dept 2024], lv denied 42 NY3d 1082 [2025]). We further reject defendant's contention that the waivers of the right to appeal were invalid because "some of defendant's responses to the court's inquiries were monosyllabic" (People v Brown, 41 AD3d 1234, 1234 [4th Dept 2007], lv denied 9 NY3d 873 [2007] [internal quotation marks omitted]). "No 'particular litany' is required for a waiver of the right to appeal to be valid" (People v Wood, 217 AD3d 1407, 1408 [4th Dept 2023], lv denied 30 NY3d 1000 [2023], quoting People v Lopez, 6 NY3d 248, 256 [2006]; see also People v Parker, 151 AD3d 1876, 1876 [4th Dept 2017], lv denied 30 NY3d 982 [2017]).
Defendant's further contention that the pleas were "not voluntarily entered because [he] provided only monosyllabic responses to [the court's] questions is actually a challenge to the factual sufficiency of the plea allocution" (People v Hendrix, 62 AD3d 1261, 1262 [4th Dept 2009], lv denied 12 NY3d 925 [2009]), which is encompassed by the valid waivers of the right to appeal (see People v Alsaifullah, 162 AD3d 1483, 1485 [4th Dept 2018], lv denied 32 NY3d 1062 [2018]). The waivers of the right to appeal also encompass his challenge to the severity of his sentence (see Lopez, 6 NY3d at 255-256).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court