People v Tandle (2025 NY Slip Op 02690)

People v Tandle

2025 NY Slip Op 02690

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

302 KA 24-00312

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VICTORIA TANDLE, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (DANIEL HUGHES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered January 10, 2024. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon a guilty plea, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]).
Contrary to defendant's contention, the record establishes that she knowingly, voluntarily, and intelligently waived her right to appeal (see People v Williams, 228 AD3d 1316, 1316 [4th Dept 2024], lv denied 42 NY3d 972 [2024], reconsideration denied 42 NY3d 1055 [2024]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]). County Court's oral colloquy did not, as asserted by defendant, mischaracterize the waiver of the right to appeal as "an absolute bar to the taking of a first-tier direct appeal" (Thomas, 34 NY3d at 558; see People v Figueroa, 230 AD3d 1581, 1582 [4th Dept 2024], lv denied 42 NY3d 1079 [2025]). To the extent that defendant contends that the written waiver form she executed was defective, the oral colloquy, which followed the appropriate model colloquy, "cured that [alleged] defect" (People v Hoose, — AD3d &mdash, 2025 NY Slip Op 01436, *1 [4th Dept 2025] [internal quotation marks omitted]).
Defendant's valid waiver of the right to appeal precludes our review of her challenge to the severity of the sentence (see Lopez, 6
NY3d at 255-256; People v Foumakoye, 229 AD3d 1380, 1380 [4th Dept 2024], lv denied 42 NY3d 970 [2024]).
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court